IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ARTURO CARDENAS GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 117), and the Government's Answer and Brief supporting its Answer (Filing Nos. 123,136). The court has reviewed the government's responsive submissions and finds as follows.

**FACTUAL BACKGROUND**

After a jury trial, the defendant was convicted of a one-count Indictment charging him with possession with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The defendant was sentenced to 235 months' imprisonment and 5 years' supervised release. On direct appeal to the Eighth Circuit Court of Appeals, the conviction was affirmed in a per curiam opinion. The Supreme Court denied the petition for certiorari.

In his § 2255 motion defendant alleges that: (1) he received ineffective assistance of counsel based on his attorney's failure to make timely arrangements for his uncle to testify at trial; (2) he received ineffective assistance of counsel at trial, sentencing, and on appeal based on his counsel's failure to advise defendant as to all facts and law relevant to his decision whether to testify, failure to request appropriate jury instructions, failure to object to improper jury instructions or prosecutor's improper argument, failure to present

evidence material to sentencing, failure to move for a downward departure, and failure to investigate issues on appeal or to preserve issues for collateral review; (3) defendant was denied due process of law and his right to notice and a jury trial because his sentence was increased by facts not charged in the indictment and not submitted to a jury; (4) defendant's sentence is in violation of the Fifth amendment because the court lacked knowledge of the available sentencing range; (5) defendant's sentence is in violation of his rights under the First, Fourth, Sixth, and Eighth Amendments.

## DISCUSSION

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance claim, Supreme Court precedent requires a petitioner to demonstrate that counsel's performance fell "below the minimum standards of professional competence" and that the petitioner was prejudiced by the deficient performance to such an extent that there is a reasonable probability that the outcome of the trial would have been different absent counsel's error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment. *Id*. at 689. Prejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Under *Strickland*, counsel's performance is "measured against an objective standard of reasonableness," and "hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's

judgments." *Rompilla v. Beard*, 125 S.Ct. 2456, 2462 (2005) (internal quotations and citations omitted).

**Claim One - PreTrial**

Defendant first claims that his counsel was ineffective for failing to make timely arrangements for his uncle to testify.

Defendant has failed to establish that his counsel's performance was so deficient as to fall "below the minimum standards of professional competence." The record shows that defense counsel, Kevin Ryan, made the necessary efforts to locate defendant's uncle. On the day the trial was to begin defense counsel Kevin Ryan moved for a continuance to secure the appearance of defendant's uncle. He informed the court that he had been looking for the uncle and was just able to locate the uncle the day before trial. The Court responded by saying that:

> I have no doubt that counsel have done their very best to obtain all the material witnesses in this case. And I don't doubt that it was a difficult process from what I recall of reading the record regarding the motion to suppress. The one defendant who said they [sic] were going to visit their [sic] uncle didn't know the uncle's name –didn't know the last name of the uncle.
> The motion to continue is denied. As the trial progresses, we'll determine whether or not there is some way for the defendants, in the presentation of their case, to make mention of the uncle.

(Filing No. 79 at pg. 4).

Defendant has also failed to establish the second prong of the *Strickland* test that he was prejudiced by his attorney's alleged failure to secure his uncle's testimony. To establish prejudice from counsel's failure to investigate a potential witness, a petition must show that the witness would have testified and that his or her testimony probably would

3

have changed the outcome of the trial. *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996). The defendant has failed to make any showing as to what his uncle would have testified to at trial, or that his testimony would have changed the outcome of the trial. Defendant appealed this decision in his direct appeal to the Eighth Circuit and the Eighth Circuit affirmed the district court's decision. In addressing this issue, the Eighth Circuit concluded that "Cardenas-Guiterrez failed to make some plausible showing of how testimony would have been both material and favorable to his defense." *United States v. Cardenas-Guiterrez*, 2004 WL 212549 (8th Cir. 2004).

Therefore, defendant has failed to establish either prong of the *Strickland* test and his claim is denied.

**Claim Two - Trial, Sentencing and Appeal**

Defendant makes numerous claims of ineffective assistance of counsel at the trial, sentencing, and appellate stages of these proceedings.

First, defendant claims that his attorney never informed him of his right to testify at trial, however, the record does not support this allegation. At trial, defense counsel indicated that his client would be testifying and that the direct examination would take about 15 minutes. (Filing No. 80 at p.149). Defense counsel then made an oral motion to strike a comment made by the United States Attorney that defense counsel misled the jury into believing that the defendants did not have the right to choose whether or not to testify at trial. Mr. Ryan stated "I think without some type of reminder to the jury is all that my client would ask for, that he does not have to testify, that then whether or not he

chooses to do so which he is going to choose to do so, it still is important that that right is embedded in the heads of the jury." Defendant was present for this discussion.

After defendant's codefendant testified, defense counsel informed the court that the defendant would not be testifying. As a result, defense counsel requested that in the final jury instructions the court include a jury instruction explaining that defendants have the right to choose whether or not to testify at trial. (Filing No. 54).

The mere fact that the defendant was planning to testify, and later chose not to, indicates that he was informed and knew of his right to testify. Moreover, defendant was present during the multiple conversations between counsel and the court determining how to inform the jury about the defendant's right to choose whether or not to testify. Based on the above, the record does not support defendant's bare assertion that his defense counsel did not inform him of his right to testify.

Defendant has also failed to establish how his decision not to testify prejudiced his case. Therefore, defendant has failed to establish either of the *Strickland* prongs and his claim is denied.

Second, defendant claims that his attorney failed to request proper jury instructions. Defendant does not provide any detail about what instructions his counsel should have requested on his behalf. A review of the jury instructions submitted at defendant's trial show that they are the standard instructions used by the court and clearly outline the elements of the case against defendant, specifically addressing what the government needed to prove to establish its case. (Filing No. 54). Therefore, because defendant failed to make a specific argument as to the deficiency of the jury instructions, and a review of

5

the instructions does not reveal a defect in the instructions, the defendant has failed to meet his burden under *Strickland* and this claim is denied.

Third, defendant claims that his attorney failed to object to improper jury instructions and improper remarks made by the prosecutors. Defendant does not provide any additional detail or argument as to either what improper jury instructions were submitted to the jury or what improper remarks were made by the prosecutor. The court has reviewed the instructions in response to defendant's second claim and did not find anything improper about the jury instructions. Therefore, this claim is denied.

Fourth, defendant claims that his attorney failed to present evidence material to sentencing. Defendant fails to support this allegation with any argument or detail. Defendant's vague assertion that his attorney failed to present evidence material at sentencing is insufficient to meet his burden of proof under the *Strickland* test. Therefore, the defendant's claim is denied.

Fifth, defendant alleges that his attorney failed to investigate issues on appeal or preserve issues for collateral review. Again, defendant fails to provide any argument or detail to support this claim. Defendant does not even outline which claims his counsel failed to raise on appeal and preserve for collateral review. Furthermore, defendant has not raised any claims in this § 2255 motion that are barred due to his attorney's failure to raise the issues at trial or on appeal. Therefore, defendant's claim is denied.

Sixth, defendant claims that his attorney failed to seek a downward departure under USSG § 5K2.0. The record does not support this allegation. Defendant's attorney filed a motion for downward departure citing USSG §§ 5K2.0 and 3B1.2 and arguing that defendant was entitled to a minimum role reduction. At the sentencing hearing, the court

determined that the record did not support the defendant's request for a downward departure and denied the motion. (Filing No. 82 pgs. 236-37). Therefore, this claim is denied.

**Sentencing Challenges**

In defendant's third and fourth claims he argues that because the sentencing guidelines are now advisory due to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) the court erred when calculating his sentence. But the new rule announced in *Booker* does not apply to criminal convictions such as defendant's that became final before the rule was announced. *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005).

In defendant's fifth claim he argues that his sentence is in violation of his rights under the First, Fourth, Sixth, and Eighth Amendments. Defendant does not provide any argument to support this vague allegation. Therefore, the claim is denied.

IT IS ORDERED:

1. That defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 117) is denied;

2. That defendant's Motion to Appoint Counsel (Filing No. 117) is denied as moot;

3. That defendant's Motion for Discovery (Filing No. 117) is denied as moot;

4. A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order; and

5.  The Clerk shall mail a copy of this Memorandum Order to the Defendant at his last-known address.

DATED this 10th day of April, 2006.

          BY THE COURT:

          s/Laurie Smith Camp
          United States District Judge